UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANTHONY LOPEZ,

Plaintiff,

9:26-CV-0302
(ECC/ML)

v.

CORRECTIONS OFFICER REYAS, et al.,

Defendants.

APPEARANCES:

ANTHONY LOPEZ
Plaintiff, pro se
19-A-1234
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021

ELIZABETH C. COOMBE
United States District Judge

**DECISION AND ORDER**

## I. INTRODUCTION

Pro se plaintiff Anthony Lopez commenced this action pursuant to 42 U.S.C. § 1983 asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Auburn Correctional Facility ("Auburn C.F.") from June of 2025 through December of 2025. *See* Dkt. No. 1, Complaint ("Compl."). Plaintiff, who was incarcerated at Auburn C.F. when he filed the action, also filed a request to proceed in forma pauperis ("IFP"). Dkt. No. 6, Second IFP Application.

In a Decision and Order, filed on July 23, 2026 ("the July 2026 Order"), the Court granted plaintiff's second IFP Application and reviewed the complaint for sufficiency in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). *See* Dkt. No. 10. Ultimately, the Court found the following claims survived review: (1) First Amendment retaliation claims against defendants McPeck, Marshall, Deck, and Beaumont; (2) Eighth Amendment (a) excessive force and failure to intervene claims against defendants Marshall and McPeck and (b) medical indifference claims against defendants Walawender and McCloud; and (3) Fourteenth Amendment Equal Protections claims against defendant McPeck.[1] *Id*.

Presently before the Court is plaintiff's motion for preliminary injunctive relief. Dkt. No. 13.[2] For the reasons set forth below, plaintiff's motion is denied.

## II. MOTION FOR A PRELIMINARY INJUNCTION

### A. Legal Standard

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York, Inc*., 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a

---

[1] Conversely, the Eighth Amendment failure to protect claim against defendant Reyas and the Fourteenth Amendment Due Process claim based on missing property were both dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

[2] On August 14, 2024, the Court issued summonses upon defendants. Dkt. No. 15. The summonses were returned unexecuted. Dkt. Nos. 18-20. To date, defendants have not responded to the complaint.

balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs*., 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is "even higher." *Cacchillo v. Insmed, Inc.,* 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd*., 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts*., 598 F.3d at 35 n.4 (internal quotation marks omitted).

The alleged violation of a constitutional right generally satisfies a plaintiff's burden to demonstrate irreparable harm. *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996). However, "[i]rreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *N.Y. ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir.), *cert. dismissed sub nom. Allergan PLC v. N.Y. ex. rel. Schneiderman*, 136 S. Ct. 581 (2015) (citation and internal quotation marks omitted). Furthermore, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted); *see also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application for such relief were unrelated to claims asserted in the complaint

and thus plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" the plaintiff). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F.Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

**B. Analysis**

In his motion, plaintiff seeks “an emergency Preliminary Injunction . . . to enjoin the defendant’s employers (Department of Correction[s] and Community Supervision [(“DOCCS”)]) from confining [p]laintiff in the correctional facility where the defendants are actively employed.” Dkt. No. 13 at 1; *see also* Dkt. No. 13-1 at 9, 10 (same). Specifically, plaintiff argues that “it would be a significant hardship . . . to remain under conditions in a facility where his rights are consistently and continuously violated,” thus a “transfer would preserve [the] status quo and prevent irreparable harm,” and would also “show no hardship on part of the [d]efendants.” Dkt. No. 13-1 at 9.

In support of his motion, plaintiff argues that “[o]ver the course of six months from June of 2025 to December of 2025, the [d]efendants continuously [c]onspired to subject [p]laintiff to [c]ruel and [u]nsual [p]unishment for exercising his First Amendment Right to make grievances and maliciously deprived him of mental health treatment[.]” *Id.* at 3. Plaintiff then goes on to restate the facts purportedly supporting his pleading, including those allegations which were denied after the Court’s initial review. *Id.* at 3-4; *see also* Dkt. No. 13-1 at 8-9.

First and foremost, the Court is unable to provide the relief requested as plaintiff has no right to be confined to the prison of his choosing. *See Meachum v. Fano*, 427 U.S. 215, 229 (1976) (stating that "[t]he federal courts do not sit to supervise state prisons, the administration of which is [of] acute interest to the States") (citations omitted); *Olim v. Wakinekona,* 461 U.S. 238, 248-49 (1983) (stating that inmates have no right to be confined in a particular state or particular prison within a given state); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976) (holding that New York state prisoners have no right to incarceration at a particular prison facility); *see also McFadden v. Solfaro,* Nos. 1:95-CV-1148 & 1:95-CV-3790, 1998 WL 199923, at *10 (S.D.N.Y. Apr. 23, 1998) (noting that prisoners "possess no right to be placed in a particular facility[,]" and the New York State Department of Corrections and Community Supervision has "broad leeway in deciding where to house the inmates under its protective care").

Second, as discussed *supra*, the defendants here are Marshall, McPeck, Beaumont, Deck, Walawender, and McCloud. However, plaintiff specifically asks the Court to direct DOCCS to take specific action. To the extent that plaintiff seeks injunctive relief against individuals or entities who are not defendants in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Even if the court could provide the relief requested, some of the issues underlying plaintiff's request for injunctive relief – such as those against Corrections Officer Reyas concerning danger arising from the alleged inmate-on-inmate sexual abuse – were dismissed without prejudice for failure to state a claim upon which relief may be granted and are unrelated to the remaining defendants and the claims in this action. Thus, plaintiff cannot establish a likelihood of success on the merits of this claim and plaintiff's request for relief is denied. *See Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007); *see also Mitchell v. New York State Dep't of Corr. Srvs.*, No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (finding that the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context).

Further, plaintiff's motion must be denied because plaintiff has failed to substantiate any allegations of irreparable harm with evidence in admissible form or demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction").

Plaintiff cannot rely upon "past allegations of misconduct" to support a finding of irreparable harm. *See Haden v. Hellinger*, No. 9:14-CV-0318 (GLS), 2016 WL 589703, at *1 (N.D.N.Y. Feb. 11, 2016). "[R]equest[s] for injunctive relief must be supported by evidence,

as opposed to mere allegations, showing that the alleged irreparable harm is imminent." *Hall v. Annucci,* No. 7:19-CV-5521, 2021 WL 4392526, at *14 (S.D.N.Y. Sept. 24, 2021) (citing *inter alia Perkins v. Rock*, No. 9:12-CV-1269, 2013 WL 4781762, at *2 (N.D.N.Y. Sept. 5, 2013) (noting that a plaintiff's request for preliminary injunctive relief was appropriately denied where the plaintiff's allegations of harm were "purely speculative" and unsupported "by any evidence, such as exhibits, medical reports, affidavits from other inmates, or any other proof")).

Finally, at the time plaintiff filed the motion, he was confined at Auburn C.F. *See* Dkt. No. 13. A search of the Inmate Information Database maintained by the New York State Department of Corrections and Community Supervision, reveals that plaintiff is now housed at Elmira Correctional Facility. *See* N.Y.S. DOCCS Inmate Population Information Search website at http://nysdocslookup.doccs.state.ny.gov/, DIN 19-A-1234 (last visited Sept. 29, 2026). The law is well-settled that an incarcerated individual's transfer out of a facility where he was allegedly experiencing ongoing harm moots his claim for injunctive relief, regardless of that individual's fear or speculation that he may be returned to that facility at any point. *See, e.g., Booker v. Graham*, 974 F.3d 101, 107-08 (2d Cir. 2020) ("Booker argues that he may 'return to Auburn during the term of his incarceration, . . . but '[s]uch speculation warrants no departure from the principle' that an inmate may not seek injunctive relief against prison officials after transfer." (quoting *Shepherd v. Goord*, 662 F.3d 603, 610 (2d Cir. 2011)). The Court finds this legal principle equally applicable under the current facts of this case.[3]

[3] Plaintiff's last known address, and address currently listed on the Docket Report for this action is Auburn C.F. Under this Court's rules, an unrepresented litigant is under a duty to inform the court of any address changes. *See* N.D.N.Y.L.R. 10.1(c)(2). For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes. Consequently, plaintiff is advised that he must immediately file a change of address, and he must continue to submit any address changes to the court as long as his action is pending. "Failure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action." N.D.N.Y. L.R. 41.2(b). The Clerk serve a copy of this

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for a preliminary injunction, Dkt. No. 13, is **DENIED**; and it is further

**ORDERED** that, consistent with his ongoing obligation to keep the Court and all parties notified of any change in his address, plaintiff is directed to confirm and/or update his address with the Court; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff at both (1) his last known address at Auburn C.F., P.O. Box 618, Auburn, NY 13021; and (2) his presumed present address at Elmira C.F., P.O. Box 500, Elmira, NY 14902, as well as a change of address form, in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

Dated: October 13, 2026

Elizabeth C. Coombe
U.S. District Judge

Decision and Order on plaintiff at the address listed on the Docket Report and in the Inmate Information Database, by regular mail, together with a change of address form. If plaintiff fails to comply with the Court's directives, the action may be subject to dismissal under Local Rule 41.2 of this Court.